IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-HC-2131-D

| | |
|---|---|
| DAVID E. GUTIERREZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BRICK TRIPP, WARDEN, RIVERS )<br>CORRECTIONAL INSTITUTION, and )<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Respondents. ) | **ORDER** |

On July 8, 2020, David E. Gutierrez ("Gutierrez" or "petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and requested a temporary restraining order preventing the Bureau of Prisons from transferring him from CI Rivers [D.E. 1, 3]. On July 14, 2020, Gutierrez filed an emergency notice of impeding transfer in support of his application for a temporary restraining order [D.E. 4].

The court has considered Gutierrez's request for a temporary restraining order under the governing standard. See, e.g., Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam); U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (substantive standard for temporary restraining order is same as that for entering a preliminary injunction). Gutierrez has not established that (1) he is likely to succeed on the merits of his claim; (2) he is likely to suffer irreparable harm

absent a temporary restraining order; (3) the balance of the equities tips in his favor; and (4) a temporary restraining order is in the public interest.

Gutierrez has been in custody since January 15, 2015. See [D.E. 1] 1. He is a native of Venezuela. Id. at 6. Gutierrez's papers do not explain why he is entitled to relief under the Immigration and Naturalization Act, much less demonstrate a likelihood of success on his section 2241 petition. Cf. id.; [D.E. 4]. Moreover, Gutierrez's petition does not explain why a person in custody since January 15, 2015, waited until July 18, 2020, to file a petition under 28 U.S.C. § 2241. In considering the request for a temporary restraining order, this court declines to ignore that Gutierrez could have brought his claim under 28 U.S.C. § 2241 at such time to not require a temporary restraining order. Cf. Bucklew v. Precythe, 139 S. Ct. 1112, 1134 & n.5 (2019); Hill v. McDonough, 547 U.S. 573, 584 (2006); Boyd v. Beck, 404 F. Supp. 2d 879, 885–86 (E.D.N.C. 2005). The balance of equities and the public interest do not support a temporary restraining order.

In sum, the petitioner's motion for a temporary restraining order [D.E. 3] is DENIED.

SO ORDERED. This 14 day of July 2020.

                                            JAMES C. DEVER III
                                            United States District Judge

2

Case 5:20-hc-02131-D   Document 5   Filed 07/14/20   Page 2 of 2